

237 South Dixie Highway, 4th Floor ■ Coral Gables, Florida 33133
kaufman@kaufmanpa.com ■ (305) 469-5881 ■ www.KaufmanPA.com

<u>VIA ECF</u>
June 5, 2024

Honorable Judge LaShann DeArcy Hall
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Ehde v. New York Tribeca Group, LLC*
       Case No. 1:23-cv-07636-LDH-LB
       Plaintiffs' Letter Request to File Motion to Dismiss

Dear Judge Hall:

The Court should deny Defendant New York Tribeca Group's request to file a motion to dismiss Plaintiffs Ehde and Cardenas's complaint because the arguments Defendant seeks to raise in its motion are baseless.

*First*, for purposes of a claim under the Telephone Consumer Protections Act's National Do Not Call Registry and internal do not call list provisions, 47 C.F.R. §§ 64.1200(c)-(d), cellular telephones are presumptively residential telephone numbers entitled to the TCPA's protection. Although "[o]n its face, Section 227(c) applies only to 'residential' telephone subscribers … multiple federal courts have found that a cellular telephone subscriber may satisfy Section 227(c)'s 'residential telephone subscriber' element". *Gillam v. Reliance First Capital, LLC*, No. 21-CV-4774 (JMA) (JMW), 2023 U.S. Dist. LEXIS 29477, at *8-9 (E.D.N.Y. Feb. 22, 2023).

"The FCC, which possesses authority to issue implementing rules and regulations for the TCPA, *see* 47 U.S.C. § 227(c)(1-3), defines a 'residential subscriber' as a 'subscriber to a telephone exchange service that is not a business subscriber,' 47 C.F.R. § 64.2305(d) — a

definition that can include cellphone users. Indeed, the FCC has explicitly determined that the DNC Registry applies to cellphone numbers. *See* 47 C.F.R. § 64.1200(e); *see also In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039, ¶ 36 (F.C.C. 2003) ('[W]e will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.''). Consistent with this legislative authority, courts have repeatedly recognized the protections afforded to wireless numbers by the TCPA and the DNC Registry." *Rose v. New Tsi Holdings, Inc.*, No. 21-CV-5519 (JPO), 2022 U.S. Dist. LEXIS 56525, at \*6-7 (S.D.N.Y. Mar. 28, 2022).

Accordingly, by alleging the facts and circumstances surrounding their use of their cellular telephone numbers that support the inference that they are residential numbers, Plaintiffs Cardenas and Ehde sufficiently plead that they were residential telephone subscribers for purposes of their respective claims under the TCPA's National Do Not Call Registry and internal do not call list provisions. *Compare* First Amended Complaint (ECF 10) at ¶¶ 23-32, 60-71 *with Gillam*, 2023 U.S. Dist. LEXIS 29477, at \*8("a plaintiff must plausibly allege facts establishing that his cellular telephone is actually used for 'residential purposes'").

*Second*, to engage in telemarketing, a company's do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6). One of them is maintaining an internal do not call list. *Id*. at § (d)(6). Another is training personnel regarding the existence and use of the internal do not call list. *Id*. at § (d)(2). And still another is recording do not call requests and complying with them. *Id*. at § (d)(3). If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

Allegations that a company failed to honor a request for telemarketing calls to stop are in and of themselves sufficient at this stage of the proceedings for the Court to infer that Defendant's policies and procedures for maintaining an internal do not call list were inadequate. *Compare Delgado v. Emortgage Funding, LLC*, No. 21-CV-11401, 2021 U.S. Dist. LEXIS 196785, at \*12

(E.D. Mich. Oct. 13, 2021) ("She has also plausibly alleged that defendant has failed to institute adequate procedures to comply with the requests of persons who do not want to receive telemarketing calls, given the calls' persistence days after plaintiff asked that they cease.") *with Shelton v. Merch. Flow Fin. Corp.*, No. 18-11294 (JMV) (SCM), 2018 U.S. Dist. LEXIS 217826, at *19-20 (D.N.J. Dec. 28, 2018) ("However, according to Plaintiff's allegations, after he requested Defendant Merchant Flow to place him on their internal do-not-call list, he did not receive any further calls. Thus, it is not reasonable to infer that Defendant Merchant Flow did not have the internal list because they did in fact stop contacting Plaintiff. Plaintiff has not sufficiently plead a violation of FCC Regulation 64.1200(d)(1)."); *but see Barr v. Macys.com, LLC*, No. 1:22-cv-07867 (ALC), 2023 U.S. Dist. LEXIS 176653, at *12-13 (S.D.N.Y. Sep. 29, 2023) (cited in Defendant's motion) ("Neither has Plaintiff significantly alleged a violation of subsection (d)(3) for failure to honor Plaintiff's request to not be contacted. … Here, the Court struggles to see how failure to comply with Plaintiff's DNC request within one business day could be unreasonable.").

Accordingly, Plaintiff Ehde states a claim under the TCPA's internal do not call list provision by alleging that despite telling Defendant that they were calling the wrong number and to stop calling her repeatedly starting as early as 2021, Defendant continued to call and text message her indiscriminately for years after. First Amended Complaint at ¶¶ 33-57.

*Third*, courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including, for example, claims under 47 C.F.R. § 64.1200(d), the internal do not call list provision. *E.g., Charvat v. NMP, Ltd. Liab. Co.*, 656 F.3d 440, 449 (6th Cir. 2011) (holding that 47 CFR § 64.1200(d) implements 47 U.S.C. § 227(c) and that 47 U.S.C. § 227(c)(5) provides a private right of action for violation of 47 CFR § 64.1200(d)); *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014) (finding an alleged violation of 47 CFR § 64.1200(d) sufficient to support claim a under 47 U.S.C. § 227(c)(5)).

These sections, 47 U.S.C. §§ 227(c)(1)-(4), authorize the FCC to initiate a rulemaking process and implement regulations "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." As part of that rulemaking process, the FCC "requested comment and analysis regarding several alternative methods for restricting telephone solicitations to residential subscribers." FCC Report and Order released Oct. 16, 1992 [attached as Exhibit 1] at ¶ 4. Among the various alternative specifically identified and commented on were "Company-Specific Do-Not-Call Lists". *Id*. at ¶¶ 20-24.

With regard to "Company-Specific Do-Not-Call Lists", the FCC specifically found "the legislative history" and "record" indicate that requiring "company-specific do-not-call list" procedures "is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id*. As a result the FCC concluded that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id*. Consistent with this, the FCC specifically discussed enforcement of the company-specific do-not-call lists procedures requirements through the TCPA's private right of action, 47 U.S.C. § 227(c)(5). *Id*. at ¶ 24 and n.48.

As such, there can be no doubt that 47 C.F.R. § 64.1200(d) was implemented pursuant to the mandate of 47 U.S.C. §§ 227(c)(1)-(4), and that therefore there is a private action for its enforcement under the TCPA pursuant to 47 U.S.C. § 227(c)(5). *See, e.g., Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 324-25 (D. Mass. 2020) ("Overall, §64.1200(d), like § 227(c), is concerned principally with the protection of individual privacy rights. The principal purpose of § 227(c) is to ensure that subscribers 'avoid receiving telephone solicitations to which they object.' The do-not-call provisions, including §64.1200(d)(4), further that goal and comport with the statute. The available record indicates that §64.1200(d) was promulgated under § 227(c) and contains a private right of action. Defendants' motion to dismiss on that ground will, therefore, be denied.").

Honorable Judge LaShann DeArcy Hall
June 5, 2024
Page 5 of 5

    The Court should therefore deny Defendant's request to file a motion to dismiss.

                                                 Respectfully submitted,

                                                 *s/ Avi R. Kaufman*
                                                 Avi R. Kaufman, Esq.